989 F.2d 485
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES of America, Appellee,
v.
Jose QUIONES-PITA, Defendant, Appellant.
UNITED STATES of America, Appellee,
v.
Domingo COTTO-GARCIA, Defendant, Appellant.
 Nos. 92-1304, 92-1305.
 United States Court of Appeals,
First Circuit.
 March 17, 1993
 
 APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
 Lydia Lizarribar-Masini for appellant Jose Quinones-Pita.
 Gabriel Hernndez-Rivera, by Appointment of the Court, for appellant Domingo Cotto-Garca.
 Jorge E. Vega-Pacheco, Assistant United States Attorney, with whom Daniel F. Lpez-Romo, United States Attorney, was on brief for appellee.
 D.Puerto Rico
 AFFIRMED.
 Before Breyer, Chief Judge, Torruella and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 In these appeals, which arise out of the same facts, one appellant challenges his sentence and the other challenges his guilty plea. Both challenges arise out of the same count in the common indictment: conspiracy to distribute at least five kilograms of cocaine. Because we find both appeals meritless, we affirm. We discuss our reasoning as to each appellant individually.
 
 APPELLANT DOMINGO COTTO-GARCIA
 
 2
 Appellant Cotto presents us with a curious claim. On the one hand, he asserts that he entered his plea voluntarily and knowingly as to all counts, including the count of conspiracy to distribute at least five kilograms of cocaine. On the other hand, he maintains that he did not know his plea would result in a sentence based on a conspiracy to distribute at least five kilograms. He contends, therefore, that he should have been sentenced in accordance with the amount of cocaine he actually handled. Appellant essentially wishes us to leave the plea agreement intact, but remand the case for resentencing in accordance with a lower amount of cocaine. We cannot do as appellant wishes.
 
 
 3
 Appellant specifically pled guilty to a conspiracy to distribute five kilograms of cocaine, and expressly refused to seek withdrawal of that plea at oral argument. Indeed, appellant's attorney plainly and repeatedly asserted the validity of that plea. Thus, we are limited to determining whether the sentence imposed pursuant to that plea was improper. As the sentence fell within the applicable Sentencing Guideline range for appellant's crime, we conclude that it was entirely proper.
 
 APPELLANT JOSE QUINOES-PITA
 
 4
 In contrast to appellant Cotto, appellant Quinones seeks to withdraw his plea as unknowing. He claims that at the sentencing hearing, he wished to present evidence negating the factual basis for the plea. Specifically, he sought the testimony of appellant Cotto to the effect that the conspiracy did not involve five kilograms. Appellant Cotto, however, invoked his constitutional right against self-incrimination on advice of counsel, and the district court refused to compel Cotto's testimony. Appellant claims that the district court erred in doing so. We find no error.
 
 
 5
 Cotto's right to claim the Fifth Amendment right against self-incrimination cannot be trampled upon in appellant Quinones' attempt to gain useful evidence. See United States v. Zirpolo, 704 F.2d 23, 25-26 (1st Cir.), cert. denied, 464 U.S. 822 (1983); United States v. Rodrguez, 706 F.2d 31, 36 (2d Cir. 1983). The fact that Cotto already pled guilty to the conspiracy charge did not preclude him from claiming the right. The Fifth Amendment does not require that defendants face such exposure because they have already pled guilty. So long as the threat of future prosecution exists, it is clear that the Fifth Amendment protects defendants from the threat of self-incrimination. Zirpolo, 704 F.2d at 25. Cotto's testimony could have exposed him to additional charges under both federal and state law. The district court did not err in refusing to compel Cotto's testimony. There was no basis to withdraw the plea.
 
 CONCLUSION
 
 6
 Cases 92-1304 and 92-1305 are affirmed.